AQUILA J. ORME, plaintiff in error, *vs.* R. M. McPHERSON, principal, and CAMPBELL WALLACE, security, defendants in error.

1. A *ne exeat* issues only where the ordinary process of law is not available or sufficient against the debtor; and in every case, to entitle a party to the writ, he must show that no adequate remedy is afforded at law, and that the defendant is either removing or about to remove himself or his property, or the specific property in which complainant claims an interest.

2. An agent may verify the application for a *ne exeat*, provided he can, of his own knowledge, state the facts as positively and distinctly as is required of the complainant himself. The Court may, however, at his discretion, require the verification by the complainant in person before granting the writ.

3. Where Orme filed a bill against McPherson, praying a *ne exeat*, which bill was verified by Farrar, as agent for Orme, and who was not shown to have any knowledge of the facts charged in the bill, and who simply swore that what is contained in the bill, "as far as it concerns *deponent's* own act and deed, or comes within his own knowledge, is true of his own knowledge, and that which relates to the act or deed of any other person, he believes to be true:" *Held*, that this is not a sufficient verification to authorize the issuing of the writ; *Held, also*, that the affidavit must be positive, and not to the best of the knowledge and belief of deponent; *Held, also*, that the allegations in the bill may be looked to in connection with the affidavit, in determining whether charges are distinctly made and verified, so as to entitle the party to. the writ—the allegations in the bill, if sworn to, become in effect a part of the affidavit.

*Ne exeat.* Motion to discharge bail. Decided by Judge COLLIER. Fulton Superior Court. October Term, 1867.

Orme averred that on the 5th October, 1865, he and McPherson entered into a written agreement, whereby McPherson agreed to buy, and he agreed to sell, city lot seventy-four in Atlanta, and the tenements thereon, for $4,700, Orme agreeing to make a fee simple title to the property, and McPherson agreeing to pay said price, on the 1st January, 1866; and on failure of either party to comply with his part of the contract at the time specified, the party failing was to pay the other $2,000 as liquidated damages; that on the 1st January, 1866, he offered McPherson the deed, and he refused to receive it, and refused to pay the price or the

$2,000, and thereupon he sued McPherson in an action of assumpsit for said $2,000, returnable to April Term, 1866, of said Court, and held him to bail; that McPherson gave bond in the sum of $4,000, with B. M. Branner as security, as required by law; that since that Branner had moved out of Georgia and resided in Tennessee, and that McPherson had advertised his property for sale, was selling it at auction, and declared his intention to leave the State, and was then about to remove himself and his property out of the State; that he had no adequate legal remedy in the premises, and therefore prayed for the writ of *ne exeat regno.*

The bill was verified by Robert M. Farrar, agent for Orme, whose affidavit was, "that what is contained in the foregoing bill of Aquila J. Orme, so far as it concerns deponent's own act or deeds, or comes within his own knowledge, is true of his own knowledge, and that which relates to the act or deed of any other persons, deponent believes them to be true; deponent further says that he has not time and cannot obtain the sanction of the Superior Court of said county in time to remedy the mischief, and prays the writ of *ne exeat* may issue without the sanction of said Judge."

The clerk issued the writ, McPherson was arrested and gave bond in the usual form for $4,000, with Wallace for security. The fact that Orme had sued him, claiming $2,000 as liquidated damages as due 1st January, 1866, and required bail, was recited in this bond.

At October Term, 1866, the Chancellor ordered the *ne exeat* to continue until further order.

McPherson answered the bill, admitting in substance all its averments except as follows: he agreed with complainant's agent to purchase a house and lot in Atlanta, to obtain a comfortable home for his family; the agent knew that he wished it for that purpose, and represented that the property fully met that object, particularly that there was a well of good water and that the house was newly constructed; he went more than once with the agent to see the property, but the agent said the keys could not be found or had, and he was unable to examine the premises, particularly the house;

it had been shortly before painted, and externally appeared to be a new house.   The price agreed on was $4,700, and a paper was drawn up by the agent, which McPherson examined so far as to see that the house and lot were to be sold to him for the price agreed on ; perhaps it was altered and signed and retained by the agent, but McPherson paid no attention to it except as to the object of his contract, a residence for his family.   There was no negotiation or talk about a penalty or liquidated damages or anything of the kind, nor did he have any intention or understanding of that kind. He was simply trying to buy a comfortable home.   In point of fact, the water was unfit for use, the house was an old one garnished up for sale and leaked badly, and he refused to pay for it.

This answer was filed October, 1866.   At the same time he moved to dismiss the bill and discharge the bail on the *ne exeat* bond, because the affidavit was not made by plaintiff, because the affidavit was not sufficiently positive, and because no sufficient ground for this writ was stated in the bill, and the bill was otherwise insufficient in law to obtain *ne exeat*.

This motion was not argued till October Term, 1867.

The Court dismissed the bill and discharged the bail, and of this Orme complains.

BROWN & POPE, for plaintiff in error.

SNEED, HOGE, A. W. HAMMOND & SON, for defendants in error.

WALKER, J.

It may be very seriously doubted whether the complainant was entitled to any remedy in equity.   Why was not his remedy by bail and attachment at law complete and adequate? Hannahan vs. Nichols, 17 Ga. R., 78.

1. A *ne exeat* issues only where the ordinary process of law is not available or sufficient against the debtor ; and in every case, to entitle a party to the writ, he must show that no adequate remedy is afforded at law, and that the defend-

ant is either removing or about to remove himself or his property, or the specific property in which complainant claims an interest. Rev. Code, sec. 3159–60. We are very much inclined to think that the complainant failed, even if his bill had been properly verified, to make out such a case as would entitle him to the process of *ne exeat.*

2. An agent may verify the application for a *ne exeat,* provided he can, of his own knowledge, state the facts as positively and distinctly as is required of the complainant himself. Rev. Code, sec. 2181. This does not deprive the Court of the power to require a verification of the application by the complainant in person. The Court has a discretion in the matter, and may require such verification as the case would seem to demand. In some cases the affidavit of an agent might be more satisfactory than of complainant himself; in others that of the complainant might be desirable ; or if more complainants than one, the Court could require the verification by one or more, as in his discretion might be the most likely to establish satisfactorily the truth of the allegations in the bill. Rev. Code, sec. 6163.

3. The verification of this bill is fatally defective, and the Court did right to discharge the *ne exeat.* The charges in the bill may be looked to in determining whether the affidavit is positive or not. If the bill be sworn to, then the allegations become a part of the affidavit. The affidavit, however, must be positive as to the intention of the defendant to leave the State, or of the declarations of the defendant to that effect. Bryan vs. Ponder, 23 Ga. R., 483–4. The bill does not allege that the transactions took place with Farrar, the agent, and the affidavit simply states that *complainant's* bill, " so far as it concerns *deponent's* act, or comes within his own knowledge, is true," &c. Nothing is charged as coming within "deponent's" knowledge at all. There is really no verification of the bill whatever. We think the Court very properly discharged the *ne exeat.*

Judgment affirmed.